UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-339-KKC

LARRY NORRIS                                                    PLAINTIFF

VS:                              **<u>ORDER</u>**

Dr. MICHAEL GROWSE, ET AL.                                     DEFENDANTS


The Court considers the "Motion for Proceeding to be Held in Abeyance" [Record No. 6] filed by *pro se* plaintiff Larry Norris. For the reasons set forth below, the motion will be denied. Norris's claims asserted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, will be dismissed without prejudice to his filing another action after administratively exhausting his FTCA claims.

<u>BACKGROUND</u>

Plaintiff Larry Norris is confined in Federal Medical Center which is located in Lexington, Kentucky. On October 15, 2009 Norris filed this *pro se* civil rights action, asserting constitutional claims under Title 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971). Norris also asserted negligence claims under the FTCA.

The Court directed Norris to provide documentation relative to his exhaustion efforts of both his *Bivens* constitutional claims and his FTCA claims [*See* Order, Record No. 4]. Norris has now provided the Court with his *Bivens* exhaustion remedies and responses [Record No. 5]. In a separate filing, Norris acknowledged that because he only recently filed a Tort claim under

the FTCA administrative procedures, the FTCA administrative exhaustion process has not been completed [Record No. 6].

Norris therefore asks the Court either to hold this action in abeyance pending full completion of the FTCA exhaustion process, or to voluntarily dismiss this action, without prejudice to his filing suit again after the FTCA administrative exhaustion process has run its course [*Id*.].

DISCUSSION

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a)(1). Ordinarily, a district court cannot deny a Rule 41(a)(1) notice of dismissal. *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993) ("[A] party may dismiss his complaint without prejudice before an answer or a motion for summary judgment has been filed by the defendants, and the district court has no discretion to deny such a dismissal.").

The Court is not inclined to hold this entire proceeding in abeyance, as the FTCA exhaustion process may take weeks, or months, to complete.  The Court can and will entertain the *Bivens* claims, for which Norris has provided pertinent exhaustion information. Norris's request for voluntary dismissal is partially warranted, as pertains to the unexhausted FTCA claims.

The FTCA permits the exercise of subject matter jurisdiction over such a claim only if it has already been presented to the agency for administrative settlement and the agency has denied the request. 28 U.S.C. § 2675(a); *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). If the putative plaintiff failed to file an administrative claim and receive a denial from the

2

agency before filing suit, the FTCA mandates the dismissal of a suit against the United States. *McNeil v. United States*, 508 U.S. 106 (1993). As Norris has not received a denial from the Bureau of Prisons as to his FTCA claims, those claims will be dismissed without prejudice to his filing a new action after the FTCA exhaustion process has been completed. The case will stand submitted for screening of Norris's constitutional claims.

<u>CONCLUSION</u>

Accordingly,  **IT IS ORDERED** as follows:

(1)     Plaintiff Larry Norris's "Motion for Proceeding to be Held in Abeyance" [Record No. 6] is **DENIED**.

(2)     Plaintiff Larry Norris's claims asserted under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, are **DISMISSED WITHOUT PREJUDICE**.

(3)     This action now stands submitted for the Court's screening of the constitutional claims asserted by Plaintiff Larry Norris.  28 U.S.C. § 1915(e)(2).  *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997).

Dated this 11th day of December, 2009.

Signed By:

<u>Karen K. Caldwell</u>

United States District Judge

3