UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-339-KSF

LARRY NORRIS,     PLAINTIFF

V.     **MEMORANDUM ORDER**

DR. MICHAEL GROWSE, et al.,     DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

The Court is in receipt of a two-page, typewritten letter dated October 16, 2011, from plaintiff concerning the following filings made by counsel for defendant Quentin Moore:

1. Defendant Quentin Moore's motion for a protective order filed on July 21, 2011 [R. 40], and Moore's supplemental motion for a protective order filed on August 2, 2011 [R. 43].

2. The "Sworn Declaration of Nurse Mullins" filed on September 16, 2011 [R. 48].

Plaintiff claims that defendant's counsel failed to serve him with these filings prior to the court's decision granting summary judgment to defendant Quentin Moore and dismissing this action on September 21, 2011, and that subsequently, he had never received these filings. Plaintiff requests assistance from the court.

**DISCUSSION/ANALYSIS**

A.     **Ex parte communication**

At the outset, the Court will address the impropriety of plaintiff's *ex parte* communication. Numerical paragraph 15 of the Memorandum Opinion and Order of June 22, 2010, advised plaintiff as follows:

(15). Norris must communicate with the Court solely through notices or motions filed with the Lexington Clerk's Office. The Court will disregard correspondence sent directly to the judge's chambers.

Memorandum Opinion And Order, 6/22/2010, ¶ 15 [R. 10].

Plaintiff's letter dated October 16, 2011, is addressed to the presiding judge and was directed to the judge's chambers rather than being filed of record. Thus, this letter is an unauthorized *ex parte* communication with the court, as it contains no notation that a copy thereof was provided to defendant's counsel. For this reason, the court requested the Clerk of the Court to file this letter in the record; it was docketed on October 31, 2011 [R. 56], and defendant's counsel has filed a response thereto [R. 57].

Regardless of the Court's previous announcement that any *ex parte* correspondence would be disregarded, given the facts and circumstances of this particular case, and given that respondent's counsel has filed a response to plaintiff's *ex parte* letter, the Court exercises its discretion to consider this letter. **However, plaintiff is advised once more to engage in no further *ex parte* communications with the Court; all communication must be made through the filing of notices or motions. These submissions should be addressed only to the Clerk of the Court and should contain the case caption and case number of this proceeding, as set forth in the caption of this Order. Also, all submissions must be accompanied by a certificate of service verifying that a copy thereof has been served to the opposing party or to that party's counsel; failure to do so will result in the Court disregarding the filing.**

**B.     Appeal**

On September 21, 2011, the Court granted defendant Quentin Moore's motion for summary judgment and dismissed this case. [R. 49, 50]. Plaintiff has appealed that decision to the United

States Court of Appeals for the Sixth Circuit. See *Larry Norris v. Michael Growse, et al.,* Case No. 11-6227.

Generally, the filing of an appeal divests the trial court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). However, the Sixth Circuit has created an exception to this rule by allowing district courts to entertain a motion for relief from judgment after an appeal has been filed if it so chooses. *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976). Whether to entertain this type of post-judgment motion while an appeal is pending is a decision within the district court's discretion. *LSJ Investment Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). The Court elects to exercise its discretion and entertain Norris' request for relief from judgment.

**C.    Construction of letter as motion for post-judgment relief**

A court may alter a judgment pursuant to Fed. R. Civ. P. 59(e) if the judgment was premised upon a clear misunderstanding of the controlling law or the issues presented by the parties or where, after entry of the judgment, the parties discover previously-unavailable and material evidence or there is an intervening change in the controlling law. *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003); *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

Additionally, Fed. R. Civ. P. 60(b) permits relief from judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that

3

has been satisfied, released, or discharged, or a prior judgment upon which it is based that has been reversed or otherwise vacated; or (6) any other reason justifying relief from the operation of the judgment.

Norris is not entitled to post-judgment relief under either Rule 59(e) or Rule 60(b). Rule 59(e) does not apply because the Court did not grant summary judgment against him based on a clear misunderstanding of either the controlling law or the issues;[1] no intervening change in the controlling law has occurred; and Norris does not offer previously-unavailable and newly discovered material evidence, which by due diligence he could not have discovered earlier. Similarly, Rule 60(b)(1)-(3) does not assist Norris because he does not allege grounds constituting mistake, inadvertence, surprise, or excusable neglect; he does not allege fraud, misrepresentation, or other misconduct by the United States; and he again does not present newly discovered evidence, which by due diligence he could not have discovered earlier. Thus, neither Rule 60(b) (4) nor Rule 60(b)(5) applies to this case under any scenario.

Norris simply claims that counsel for the United States failed to serve him with pleadings and an affidavit, and that he did not receive two motions for protective Order filed in July 2011 and August 2011, respectively, or the Nurse's Affidavit sent to him on September 16, 2011. Cheryl Morgan's response to plaintiff's letter refutes this allegation. She certified that she mailed all of those documents to him on those dates at his current address, and she advised the Court that NONE of them were returned to her in mail marked as undeliverable. Assuming the truthfulness of both plaintiff's allegation that he did not receive the filings in question and Cheryl Morgan's statement

---

[1] The Court granted summary judgment to defendant Quentin Moore, an employee of the Public Health Service, because he is protected from suit by the statutory immunity afforded all PHS Employees Under 42 U.S.C. § 233(a).

4

that she sent these filings to plaintiff on the dates certified and that they had not been returned to her as being undeliverable mail, that scenario does not change the fact that defendant Quentin Moore, as a PHS employee, is immune from suit by the statutory immunity provided to PHS employees under 42 U.S.C. § 233(a). For that reason, *the statutory immunity*, it is irrelevant whether plaintiff did or did not receive the filings that are the subject of his letter. Plaintiff also challenges the veracity of Quentin Moore's affidavit. However, for the same reason, *the statutory immunity*, the accuracy or truthfulness or lack thereof of any statements contained in Quentin Moore's affidavit is of no consequence in this particular case. Consequently, even if plaintiff did not receive the subject filings and had no opportunity to respond to those statements, he was not prejudiced thereby.

At best, Norris' claims would fall under Fed. R. Civ. P. 60(b)(6), the residual provision. That subsection provides relief from judgment only in the unusual and extreme situation when "principles of equity" mandate relief. See *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Such a situation does not exist in this case, where the Court fully considered Norris' medical records and the government's medical proof, and addressed Norris' claims and arguments opposing the government's motion for summary judgment. For the reasons stated in the Memorandum Opinion and Order granting summary judgment to defendant Quentin Moore, the Court properly determined that under the statute, 42 U.S.C. § 233(a), and *Hui Hui v. Castaneda*, ___ U.S. ___, 130 S.Ct. 1845 (2010), PHS immunity bars Norris' claims against Quentin Moore.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's *ex parte* letter addressed to the undersigned is construed as a motion filed pursuant to Rule 60(b).

5

2. Plaintiff's construed Rule 60(b) motion [R. 57] is **DENIED**.

3. The Clerk of the Court shall provide a copy of this Memorandum Order to the United States Court of Appeals for the Sixth Circuit, referencing Case No. 11-6227.

This November 10, 2011

Signed By:
*Karl S. Forester* KSF
United States Senior Judge